## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

SALVATORE ALUZZO,  Case No.:
An individual,  Hon.

    Plaintiff,

v.

BUDDY'S HOLDING COMPANY, LLC,
A Michigan, for-profit corporation,

    Defendant.
_____/
Eric I. Frankie (P47232)
Attorney for Plaintiff
535 Griswold St., Suite 111-542
Detroit, MI 48226
(248) 219-9205
ericfrankie26@yahoo.com
_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff Salvatore Aluzzo ("Plaintiff") by and through his attorney, Eric I. Frankie, states for his Complaint against Defendant Buddy's Holding Company LLC ("Defendant"), as follows:

### I.  PARTIES, JURISDICTION AND VENUE.

1

1. Plaintiff is a 62 year old male with the qualifying disability of post concussion syndrome and is a resident of Sterling Heights, County of Macomb, State of Michigan.

2. Defendant Buddy's Holding Company, LLC, is a domestic limited liability company doing business in the City of Farmington Hills, County of Oakland, State of Michigan.

3. This Court has jurisdiction of the matter under 42 U.S.C. §12117 and 28 U.S.C. §1367.

4. Venue is proper in this Court because the events giving rise to this action occurred in the Eastern District of Michigan.

## II. GENERAL ALLEGATIONS.

5. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

6. Plaintiff was hired by Defendant on December 16, 2019 as an Area Director.

7. At all times relevant to this matter, Plaintiff has met or exceeded Defendant's employment expectations.

8. On March 4, 2022, Plaintiff suffered injuries to his head, including post concussion syndrome, during the course of his employment when he stood up and hit his head on a double steel bar while filling a steel storage cage with cases

of Coca-Cola.  Plaintiff completed Defendant's Employee Statement of Injury on March 8, 2022 describing the injury.

9.      As an accommodation for his injury and to allow proper treatment/healing, Plaintiff requested that Defendant grant him a leave of absence on or about October 31, 2022.

10.     Defendant granted Plaintiff an initial leave of absence under the FMLA from October 31, 2022 to January 25, 2023.

11.     On March 10, 20223, Defendant, after engaging in the ADA interactive process, approved Plaintiff's accommodation request of an additional leave from January 26, 2023 until August 21, 2023.  Defendant stated in the approval letter to Plaintiff "we ask that you provide updates when you have an additional information regarding your ability to return to work or the need for additional leave is required."

12.     On April 4, 2023, Defendant stated to Plaintiff "If you do need additional leave time please let us know how much additional leave time you and/or your doctor anticipate you will need."

13.     On July 24, 2023, Plaintiff filed his Application for Mediation or Hearing with the Michigan Workers' Disability Compensation Agency for workers' compensation benefits including medical care for his work-related injuries.

14. On August 18, 2023, Plaintiff notified Defendant that he had an appointment scheduled with his neurologist on September 13, 2023 to assess his progress and discuss back to work options.  Plaintiff also requested an additional 30 day leave to continue treatment and be able to meet with his neurologist on September 13, 2023 for a final review.  Plaintiff asked Defendant to notify him as to his leave status and continued medical insurance situation so that he could take necessary steps to ensure medical coverage.

15. On August 21, 2023, Defendant terminated Plaintiff based on the unsupported claim that his "indefinite leave" request was an undue hardship without engaging in the ADA interactive process.

16. Plaintiff has exhausted all administrative remedies prior to bringing this action.  On January 16, 2024, the EEOC provided Plaintiff with his Right to Sue letter for E.E.O.C. Charge No.: 471-2024-00453.

### III.  COUNT I-VIOLATIONS OF ADA AND PWDCRA.

17. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

18. The Americans with Disability Act of 1990, 42 U.S.C. §12101 et seq., prohibits an employer from discriminating against a person with a qualifying disability by refusing them reasonable accommodations and/or terminating them for the exercise of their rights under the ADA.

19. Similarly, the Michigan Persons with Disability Civil Rights Act, MCL § 37.1101 et seq., prohibits an employer from failing to accommodate and/or discriminate against an employee because of their disability.

20. Here, Defendant has violated the ADA and PWDCRA by failing to accommodate Plaintiff by providing him with an additional leave of absence and discriminating against him because of his qualifying disability of post concussion syndrome.

21. Also, Defendant has retaliated against Plaintiff for engaging in activities protected, including by requesting accommodations, under the ADA and PWDCRA in violation of those Acts.

### IV.  COUNT II-WORKERS' COMPENSATION RETALIATION.

22. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

23. Plaintiff has specifically requested that Defendant grant him benefits under the Michigan Workers' Disability Compensation Act.

24. In retaliation for Plaintiff's requests for benefits allowed by the Michigan Workers' Disability Compensation Act, Defendant has discriminated against and terminated him.

25.	MCL 418.301(13) prohibits Defendant from discriminating against Plaintiff and terminating him for exercising his rights under the Michigan Workers' Compensation Act.

## V.  RELIEF REQUESTED.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment against Defendant for all allowable damages including costs, attorneys and interest.

Respectfully submitted,

Dated: April 15, 2024			By:___/s/Eric I. Frankie_____
					Eric I. Frankie (P47232)
					Attorney for Plaintiff
					535 Griswold, Suite 111-542
					Detroit, MI 48226
					(248) 219-9205